**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Mary Williams and Loreta Felton,    )
    )
    Plaintiffs,    )
    )
    v.    )    No.  09 C 4370
    )
First Financial Asset Management, Inc.,    )
a Delaware corporation,    )
    )
    Defendant.    )    <u>Jury Demanded</u>

## COMPLAINT

Plaintiffs, Mary Williams and Loreta Felton, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.    Plaintiff, Mary Williams ("Williams"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Bank of America/FIA ("BofA") credit card, despite the fact that she was represented as to this debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.　　Plaintiff, Loreta Felton ("Felton"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt for a Bank of America/FIA credit card, despite the fact that she was represented as to this debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

5.　　Defendant, First Financial Asset Management, Inc. ("FFAM"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. FFAM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6.　　Defendant FFAM is licensed to conduct business in Illinois and maintains a registered agent here. <u>See</u>, record from the Illinois Secretary of State, which is attached as Exhibit <u>A</u>.

7.　　Defendant FFAM is licensed as a collection agency in Illinois. <u>See</u>, record from the Illinois Division of Professional Regulation, which is attached as Exhibit <u>B</u>.

## FACTUAL ALLEGATIONS

**<u>Ms. Mary Williams</u>**

8.　　Ms. Williams is a senior citizen with limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed for a BofA credit card. When Defendant FFAM began trying to collect the BofA debt from Ms. Williams, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"),

regarding her financial difficulties and Defendant FFAM's collection actions.

9.     One of Ms. Williams' attorneys at LASPD wrote a letter, dated April 3, 2009 to Defendant FFAM, advising FFAM that Ms. Williams was represented by counsel, directing FFAM to cease contacting Ms. Williams, and directing FFAM to cease all further collection activities, because Ms. Williams was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

10.     Disregarding this letter, Defendant FFAM's debt collector, "Mr. Smith", directly called Ms. Williams on April 23, 2009, demanding payment of the BofA debt.

11.     Accordingly, on May 14, 2009, Ms. Williams's LASPD attorney sent Defendant FFAM yet another letter, directing it to cease communications and to cease its collection attempts.  Copies of this letter and fax confirmation are attached as Exhibit D.

12.     Disregarding both of these letters, Defendant FFAM's debt collectors, "Mr. Green" and "Mr. Smith", directly called Ms. Williams on June 13, 14 and 17, 2009, to demand payment of the BofA debt, which prompted yet a further letter from the attorney at LASPD, dated June 30, 2009.  Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Loreta Felton**

13.     Ms. Felton is also a senior citizen with limited assets and income, who fell behind on paying her bills, including a debt she owed for a BofA credit card.  After Defendant FFAM began trying to collect the BofA debt from Ms. Felton, she also sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates

for Seniors and People with Disabilities program ("LASPD"), regarding her financial difficulties and Defendant FFAM's collection actions.

14.     One of Ms. Felton's attorneys at LASPD wrote a letter, dated February 20, 2009 to Defendant FFAM, advising FFAM that Ms. Felton was represented by counsel, directing FFAM to cease contacting Ms. Felton, and directing FFAM to cease all further collection activities, because Ms. Felton was forced, by her financial difficulties, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

15.     Disregarding her representation by counsel, Defendant FFAM directly called Ms. Felton several times thereafter to demand payment of the BofA debt.

16.     Accordingly, on March 23, 2009, Ms. Felton's LASPD attorney sent Defendant FFAM yet another letter, directing it to cease communication/collection. Copies of this letter and fax confirmation are attached as Exhibit G.

17.     Nonetheless, in disregard of both of these letters, Defendant FFAM called Ms. Felton on or about March 25, 2009, to demand payment of the BofA debt.

18.     All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

19.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiffs adopt and reallege ¶¶ 1-19.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendant FFAM knew that Ms. Williams and Ms. Felton were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Ms. Williams and Ms. Felton. By directly calling Ms. Williams and Ms. Felton, despite being advised that they were represented by counsel, Defendant FFAM violated § 1692c (a)(2) of the FDCPA.

23.     Defendant FFAM's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

24.     Plaintiffs adopt and reallege ¶¶ 1-19.

25.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

26.     Here, the letters from Ms. Williams' and Ms. Felton's LASPD attorney told Defendant FFAM to cease communications and them and that they refused to pay the

debts.  By continuing to communicate regarding these debts and demanding payment, Defendant FFAM violated § 1692c(c) of the FDCPA.

27.     Defendant FFAM's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Mary Williams and Loreta Felton, pray that this Court:

1.     Find that Defendant FFAM's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiffs, Williams and Felton, and against Defendant FFAM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Mary Williams and Loreta Felton, demand trial by jury.

Mary Williams and Loreta Felton,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:  July 21, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com